IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MICHAEL CORY O'QUINN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:19-cv-00067-DCN-MBG |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ANDREW SAUL, Acting Commissioner of the Social Security Administration,[1] | ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the court on plaintiff Michael Cory O'Quinn's ("O'Quinn") motion to remand pursuant to sentence six of 42 U.S.C. § 405(g), ECF No. 15. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

O'Quinn was born October 17, 1990 and was 23 years old on his alleged onset of disability date, December 31, 2011. R. at 16, 25. O'Quinn claims disability due to, <u>inter alia</u>, asthma, seizure disorder, and history of anoxic brain injury causing neurocognitive deficits and tremors. R. at 19. O'Quinn has at least a high school education and has past relevant work as a cook. R. at 25. O'Quinn filed for Supplemental Security Income ("SSI") under the Social Security Act ("the Act") on August 19, 2014.[2] R. at 16. His application was denied initially and on reconsideration. R. at 16. Following a hearing,

---

[1] Andrew Saul is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is automatically substituted for Nancy A. Berryhill, former Commissioner, as the defendant in this lawsuit.

[2] O'Quinn also filed an application for Disability Insurance Benefits ("DIB") at the same time. However, he later voluntarily withdrew his DIB application.

1

Administrative Law Judge (ALJ) Ronald Sweeda denied O'Quinn's claim on January 10, 2018. R. 17–33. On December 17, 2018, the Appeals Council denied O'Quinn's request for review, R. at 1–7, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. O'Quinn then filed the instant action on January 9, 2019.

Relevant to the instant motion, O'Quinn explains that he submitted updated medical records prior to the hearing before the ALJ and that the "Administration appears to have failed to exhibit those records fully." ECF No. 15 at 2. O'Quinn has attached to his motion the entirety of the submitted medical records at issue. ECF Nos. 15-1; 15-2; 15-3. O'Quinn submitted 60 pages of records from Bon Secours St. Francis Hospital, and only 10 pages are included in the record; O'Quinn submitted 24 pages from West Ashley Internal Medicine, and only 9 pages were included in the record; and O'Quinn submitted 7 pages from Harvest Free Clinic, and only 3 pages were included in the record. Compare ECF Nos. 15-1; 15-2; 15-3 with R. at 544–565.

Based on the foregoing, on August 29, 2019, O'Quinn filed a motion to remand pursuant to sentence six of 42 U.S.C. § 405(g) ("Sentence Six"). ECF No. 15. Defendant Andrew Saul ("the Commissioner") responded in support of the motion on October 8, 2019 but argued that the matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g) ("Sentence Four"). ECF No. 20. O'Quinn filed a reply on October 15, 2019. ECF No. 21. The motion is ripe for review.

### III.  DISCUSSION

Both parties agree that remand is appropriate; however, they disagree on the grounds upon which the court should remand the matter. The Supreme Court has identified two types of remand under § 450(g): remands pursuant to Sentence Six and

remands pursuant to Sentence Four. Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). "[S]entence six applies to a remand based on new and material evidence supplied to the court, which was not submitted to the ALJ or the Appeals Council and was not considered in reaching the Commissioner's final disability decision." Mannon v. Colvin, 2013 WL 5770524, at *9 (S.D.W. Va. Oct. 24, 2013) (citations omitted). In a Sentence Six remand,

> the district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding.

Melkonyan, 501 U.S. at 98. Under Sentence Six, remand to the Commissioner on the basis of newly discovered evidence is appropriate if four prerequisites are met:

> (1) the evidence must be relevant to the determination of disability at the time the application(s) was first filed; (2) the evidence must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant must make at least a general showing of the nature of the new evidence to the reviewing court.

Miller v. Barnhart, 64 F. App'x 858, 859–60 (4th Cir. 2003); see also 42 U.S.C. § 405(g); Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985)[3]. If a matter is remanded pursuant

---

[3] "Though the court in [Wilkins v. Sec'y, Dep't of Health & Human Servs., 925 F.2d 769 (4th Cir. 1991)] indicated in a parenthetical that [this] four-part test set forth in had been superseded by an amendment to 42 U.S.C. § 405(g), courts in the Fourth Circuit have continued to cite the requirements outlined in [this test] when evaluating a claim for remand based on new evidence." Campbell v. Astrue, 2011 WL 2581453, at *3 (D.S.C. June 10, 2011), report and recommendation adopted sub nom. Campbell v. Comm'r of Soc. Sec. Admin., 2011 WL 2580634 (D.S.C. June 28, 2011) (collecting cases). The court also notes that the statutory requirements—materiality of the new evidence and good cause for the evidence's omission—are encompassed in this four-part test.

to Sentence Six, the parties must return to the court after remand to file modified findings of fact. Melkonyan, 501 U.S. at 98. The reviewing court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. See Allen v. Chater, 67 F.3d 293, 1995 WL 579275, at *1 (4th Cir. 1995) (holding that an order remanding a claim for Social Security benefits pursuant to sentence six of 42 U.S.C. § 405(g) is not a final order).

In contrast, "[t]o remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to the disability claim." Brown v. Astrue, 2013 WL 625599, at *5 (D.S.C. Jan. 31, 2013), adopted by, 2013 WL 625581 (D.S.C. Feb. 20, 2013). "After a remand under sentence four, the court enters a final and immediately appealable judgment and then loses jurisdiction." Id. (citations omitted).

Here, O'Quinn asserts the updated medical records at issue satisfy the requirements for a Sentence Six remand because: (1) they were "generated during the time relevant to [O'Quinn's] claim"; (2) the records "may [ ] have changed the ALJ's conclusions" given the importance of the records to O'Quinn's disability claim; (3) good cause exists because O'Quinn "attempted to furnish the evidence to the Commissioner, but apparent technical or administrative error led to incomplete exhibits"; and (4) O'Quinn has made "a sufficient 'general showing'" of the nature of the evidence as he has submitted to the Court the records at issue. ECF No. 15 at 3. As mentioned above, the Commissioner agrees that remand is appropriate here. However, with little explanation as to why, the Commissioner asserts that remand is appropriate under Sentence Four.

After careful consideration of the parties' arguments and the relevant authority, the Court finds remand is appropriate under Sentence Six. O'Quinn has demonstrated that a large portion of the above-mentioned medical records were not incorporated into the administrative record, despite their timely submission. Given the failure to incorporate the records, which precluded the ALJ from considering them, O'Quinn has established good cause for a remand under Sentence Six. The court finds remand under Sentence Four to be inappropriate because parties do not argue that the court should engage in any substantive review of the Commissioner's decision, meaning that the court expresses no opinion on whether the Commissioner's decision was supported by substantial evidence or whether the Commissioner incorrectly applied the law. As such, the grounds for a Sentence Four remand do not exist, and the Commissioner provides no explanation as to why a Sentence Six remand would be inappropriate. Accordingly, the court finds that a remand pursuant to Sentence Six is appropriate so that this new and material evidence can be considered by the Commissioner in the first instance.

## IV. CONCLUSION

For the foregoing reasons the court **GRANTS** the motion to remand pursuant to Sentence Six of 42 U.S.C. § 405(g).

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 22, 2019**
**Charleston, South Carolina**